**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUANA MINANO,

      *Plaintiff*,

    v.

DLJ MORTGAGE CAPITAL, INC.,

      *Defendant*.

Civil Action No. 25-2898 (TJK)

**<u>MEMORANDUM ORDER</u>**

Juana Minano, proceeding pro se, sued DLJ Mortgage Capital, Inc. ("DLJ"), alleging that it failed to address fraudulent accounts and charges on her credit report, did not protect her from identity theft, and transferred her mortgage debt without authorization. ECF No. 1-2. DLJ moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 9. For the reasons explained below, the Court will grant DLJ's motion to dismiss. But in light of Minano's request to amend, the Court will give her a chance to a file an amended complaint to reallege some of her claims.

Minano alleges that she "discovered fraudulent accounts appearing on her credit report that she did not open or authorize." ECF No. 1-2 ¶ 7. She "timely disputed these fraudulent accounts with the consumer reporting agencies and provided [DLJ] with copiesdocumenting [sic] the fraud." *Id.* ¶ 8. Still, she claims, DLJ—a "corporation engaged in mortgage lending and servicing," *id.* ¶ 6, —"failed to conduct a reasonable investigation," "continued to report the fraudulent accounts, and in some instances re-reported previously deleted fraudulent information without certification of accuracy," *id.* ¶ 9. She also alleges that DLJ "failed to implement and follow identity theft prevention and mitigation procedures" and "failed to adequately respond" to her attempts to dispute the inaccurate information. *Id.* ¶¶ 10–11. As a result, she alleges that she "suffer[ed] damage

to her credit reputation, emotional distress, denial of credit opportunities, and other harms." *Id.* ¶ 12. Minano also alleges that DLJ "claims interest[]" in a mortgage debt "based on purported transfer documents bearing [Minano's] name," even though she "never authorized any transfer or assignment of any mortgage debt or promissory note." *Id.* ¶ 13.

Minano brings six counts against DLJ. Counts I through V allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. She claims that DLJ failed to conduct a reasonable investigation under § 1681-s2(b) (Count I); re-reported previously deleted information in violation of § 1681i(a)(5) (Count II); failed to implement identity theft procedures in violation of § 1681c-2 (Count III); reported inaccurate information in violation of § 1681s-2(b) (Count IV); and failed to properly handle "direct disputes" in violation of § 1681s-2(a)(8) (Count V). ECF No. 1-2 ¶¶ 15–23. And, in Count VI, Minano seeks a declaratory judgment that DLJ transferred her mortgage debt without her authorization. *Id.* ¶¶ 24–25.

In its motion to dismiss, DLJ first argues that Counts II, III, and V fail as a matter of law because Minano brings them under provisions of the FCRA that do not allow her to bring claims against entities like DLJ. ECF No. 9-1 at 4–5. The Court agrees. Thus, it will dismiss these claims with prejudice.

Start with Count II, which Minano brings under § 1681i(a)(5), which deals with the "[t]reatment of inaccurate or unverifiable information" in credit reports. 15 US.C. § 1681i(a)(5). But that provision imposes duties on *consumer reporting agencies* only. *See id.* Therefore, as courts in this District have held, "only a consumer reporting agency—not a furnisher of information—can violate th[at] section[] of the FCRA." *Asterbadi v. Cenlar Fed. Sav. Bank*, No. 25-cv-1847 (RCL), 2026 WL 158482, at *2 (D.D.C. Jan. 20, 2026). Minano does not allege in the Complaint that DLJ is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), nor, in opposing DLJ's motion, does she suggest that it is such an agency. To the contrary, Minano alleges

that DLJ "is a corporation engaged in mortgage lending and servicing, and as a furnisher of information to consumer reporting agencies." ECF No. 1-2 ¶ 6. Thus, she may not bring a claim against DLJ under § 1681i(a)(5). Count III, brought under § 1681c-2, fails for the same reason. That provision, which deals with the "[b]lock[ing] of information resulting from identity theft," also sets out the obligations of *consumer reporting agencies* only, not furnishers of credit information. *See generally* 15 U.S.C. § 1681-c2 (containing no reference to duties of furnishers of credit information). Finally, Count V, which Minano brings under § 1681s-2(a), fails because that provision, which sets out the "[d]uty of furnishers of information to provide accurate information," does not contain a private cause of action. 15 U.S.C. § 1681s-2(a); *Johnson v. Capital One Bank, N.A.*, No. 22-7042, 2023 WL 2733486, at *1 (D.C. Cir. March 31, 2023).

The Court will dismiss Counts II, III, and V with prejudice because allowing amendment would be futile. Although leave to amend a complaint is freely granted to plaintiffs when "justice so requires," Fed. R. Civ. P. 15(a)(2), a court may deny leave to amend in cases of "undue delay, bad faith or . . . futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, dismissal with prejudice is warranted when the assertion of additional facts consistent with the challenged pleading would not remedy the deficiency. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

In contrast, the Court will dismiss Minano's remaining claims—pleaded in Counts I, IV, and VI—*without* prejudice, and allow her to file an amended complaint to reallege them. DLJ moves to dismiss Counts I and IV, brought under § 1681s-2(b) of the FCRA, for failure to state a claim. It argues that "the complaint contains no particularized facts regarding the specific relationship between these parties and instead contains nothing more than threadbare recitals of the elements of a cause of action." ECF No. 9-1 at 5. The Court agrees that Minano has not alleged enough facts to state a claim under that provision of the FCRA. Minano appears to agree as well—

in her opposition, she states that she "agrees" with DLJ's assertion that the "complaint is unclear." ECF No. 11 ¶ 10.  And she "seeks leave to amend the complaint to provide greater clarity." *Id.*  In light of Minano's pro se status, her request to amend, and the Court's inability to rule out the possibility that additional facts may cure these pleading deficiencies, it is in the interest of justice to allow her another chance to make out these claims.  *See* Fed. R. Civ. P. 15(a)(2).  Thus, the Court will permit her to do so, and so it will dismiss these counts without prejudice.

The same is true for Count VI, which DLJ moves to dismiss for lack of subject matter jurisdiction.  DLJ argues that Minano has not satisfied constitutional standing because she has not shown that she has suffered an "injury in fact" which is "actual or imminent, concrete and partic- ularized" related to her claim of the unauthorized transfer of her mortgage debt.  ECF No. 9-1 at 8 (quoting *Equal Rights Ctr. v. Props. Int'l*, 110 A.3d 599, 603 (D.C. 2015)).  Here too, the Court agrees with DLJ that Minano has not alleged enough facts to show an injury in fact for standing purposes.  Still, for the same reasons explained above, the Court will allow her the chance to file an amended complaint to cure this deficiency.

For the above reasons, it is hereby **ORDERED** that DLJ's Motion to Dismiss, ECF No. 9, is **GRANTED**.  It is further **ORDERED** that the Complaint, but not the case, is **DISMISSED**.  It is further **ORDERED** that Counts II, III, and V are **DISMISSED WITH PREJUDICE** and Counts I, IV, and VI are **DISMISSED WITHOUT PREJUDICE**.  It is further **ORDERED** that Minano may file an amended complaint that realleges Counts I, IV, and VI by June 11, 2026.  If she does not do so, the Court will dismiss the case as well.

    **SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 12, 2026